Adam Y. Siegel (SBN 238568)
Zoe Yuzna (SBN 268496)
Arlen Gharibian (SBN 327530)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430
Adam.siegel@jacksonlewis.com
Zoe.yuzna@jacksonlewis.com
Arlen.gharibian@jacksonlewis.com

Attorneys for Defendant
AMENTUM SERVICES, INC. (erroneously sued herein as AECOM MANAGEMENT SERVICES, INC. and URS FEDERAL SERVICES, INC.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME FRANCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AECOM, a California corporation; AECOM MANAGEMENT SERVICES GLOBAL CORP., a California corporation doing business as AECOM MANAGEMENT SERVICES GROUP; AECOM MANAGEMENT SERVICES, INC., a California corporation doing business as AECOM MANAGEMENT SERVICES GROUP; AECOM, a California corporation doing business as AECOM MANAGEMENT SERVICES GROUP; AECOM INC., a California corporation doing business as AECOM; AECOM SERVICES, INC., a California corporation doing business as AECOM; AECOM USA, INC., a California corporation doing business as AECOM; AECOM, a California corporation doing business as URS FEDERAL SERVICES; AECOM TECHNOLOGY CORPORATION, a California corporation doing business as URS FEDERAL SERVICES, INC.; URS FEDERAL SERVICES, INC., a California corporation; URS FEDERAL SERVICES | Case No.:<br><br>**DEFENDANT AMENTUM SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b) [DIVERSITY]**<br><br>[Filed concurrently with Civil Cover Sheet; Declarations of Adam Y. Siegel and Robert Rudisin, Notice of Interested Parties; and Corporate Disclosures]<br><br>Complaint filed: March 19, 2021 |

1
DEFENDANT AMENTUM SERVICES, INC.'S NOTICE OF REMOVAL

INTERNATIONAL, INC., a California corporation doing business as URS; URS CORPORATION, a California corporation; URS GROUP, INC., a California corporation doing business as URS FEDERAL SERVICES; URS HOLDINGS, INC., a California corporation doing business as URS FEDERAL SERVICES; and DOES 1 through 50, inclusive,

Defendants.

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant AMENTUM SERVICES, INC. (erroneously sued herein as AECOM MANAGEMENT SERVICES, INC. and URS FEDERAL SERVICES, INC.) ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Riverside.

1. On March 19, 2021, Plaintiff Jaime Franco ("Plaintiff") filed a civil complaint against Defendants AECOM; AECOM Management Services Global Corp., dba AECOM Management Services Group; AECOM Management Services, Inc., dba AECOM Management Services Group; AECOM, dba AECOM Management Services Group; AECOM Inc., dba AECOM; AECOM Services, Inc., dba AECOM; AECOM USA, Inc., dba AECOM; AECOM, dba URS Federal Services; AECOM Technology Corporation, dba URS Federal Services, Inc.; URS Federal Services, Inc.; URS Federal Services International, Inc., dba URS; URS Corporation; URS Group, Inc., dba URS Federal Services; URS Holdings, Inc., dba URS Federal Services; and DOES 1 through 50, inclusive, in the Superior Court of the State of California in and for the County of Riverside entitled *Jaime Franco v. AECOM et al.*, Case No. CVRI2101504, which sets forth the

following 14 causes of action:  (1) Failure to Provide Meal Breaks; (2) Failure to Provide Rest Breaks; (3) Failure to Pay Wages; (4) Failure to Pay Overtime; (5) Failure to Provide Accurate Itemized Wage Statements; (6)  Violation of Business & Professions Code §§ 17200-17208; (7) Sexual Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); (8) Discrimination in Violation of FEHA; (9) Age Discrimination in Violation of FEHA; (10) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (11) Retaliation in Violation of FEHA; (12) Wrongful Termination in Violation of Public Policy and FEHA; (13) Intentional Infliction of Emotional Distress; and (14) Hostile Work Environment in Violation of FEHA ("Complaint"). A copy of the Complaint received by Defendant is attached to the Declaration of Adam Y. Siegel ("Siegel Declaration") as Exhibit A.

2. Defendant received Plaintiff's Summons and Complaint and related court documents on May 10, 2021.

3. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Riverside Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

4. Prior to the filing of Defendant's Notice of Removal, defense counsel reviewed the Riverside County Superior Court's online docket regarding the above-captioned action. Based on defense counsel's review of the docket, and to the best of defense counsel's knowledge, the foregoing documents identified as Exhibits B through G constitute all of the process, pleadings, orders, and other documents received by Defendant and/or on file in the state court action in Riverside County Superior Court.

## **THE REMOVAL IS TIMELY AND VENUE IS PROPER**

5. This Notice of Removal has been filed within thirty (30) days after Defendant first received a copy of Plaintiff's Summons and Complaint upon which this action is based. Defendant was served with the Complaint on May 10, 2021 and this

Removal is being filed on June 9, 2021. Thus, this Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents promptly will be served on Plaintiff's counsel and filed with the Clerk of the Riverside County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 will be satisfied.

7. Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose.

## DIVERSITY JURISDICTION
### Complete Diversity of Citizenship Exists

8. Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) or 28 U.S.C § 1332(d)(2), because complete diversity of citizenship exists.

9. Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a). *See* Complaint, ¶ 1. At all times during his employment with Defendant, Plaintiff was domiciled in California. *Id.*

10. Defendant Amentum Services, Inc. is a Citizen of Delaware and Maryland. Defendant Amentum Services, Inc. was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because it now is and was at all times incorporated under the laws of that state. [Declaration of Robert Rudisin ("Rudisin Decl.") ¶3]. At all relevant times, Defendant Amentum Services, Inc.'s principal place of business has been located in Germantown, Maryland, currently at 20501 Seneca Meadows Parkway, Suite 300, Germantown, Maryland 20876, where its high-level officers direct, control, and coordinate operations and activities. *Id.*; *See Hertz Corp. v. Friend* (2010) 559 U.S. 77, 130 S. Ct. 1181, 1186 (adopting the "nerve center test" for

purposes of ascertaining a corporation's principal place of business' for purposes of diversity jurisdiction; "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").

11. Moreover, aside from Amentum Services, Inc., all the other defendants' names in Plaintiff's Complaint have been fraudulently joined in this matter. These other defendants are "sham defendants" that are not proper parties to this action, as they are separate companies who have never had an employment relationship or made any employment decisions regarding Plaintiff's employment. (Rudisin Decl., ¶5.) The addition of a sham defendant is insufficient to defeat diversity jurisdiction. *Wecker v. National Enameling & Stamping Co.* (1907) 204 U.S. 176, 185-186. A defendant cannot be joined in an action simply to defeat diversity jurisdiction. *Id*. Under Ninth Circuit precedent, joinder is fraudulent if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339; *see also Moore's Federal Practice*, § 107.14[2][c][iv][A], at 107-59. Here, Plaintiff fails to assert any facts that any named defendant other than Amentum Services, Inc. was Plaintiff's employer or that these defendants had any input into any employment decisions regarding Plaintiff. (Rudisin Decl., ¶5.) To the contrary, Plaintiff merely alleges in conclusory fashion that all the named defendants were Plaintiff's employer. Apart from the bare legal conclusion, Plaintiff fails to specifically allege any facts to support his causes of action against any of these defendants. For these reasons, Plaintiff's joinder of these corporations is a classic example of fraudulent joinder and should be disregarded for removal purposes.

12. Further, the non-employing defendants named in Plaintiff's Complaint, which are sham defendants or fraudulently joined defendants, are not required to join or consent to removal. *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health* (5th Cir. 1991) 925 F.2d 866, 871. "[T]here is a judicially created exception for parties who are fraudulently joined." *Contreras v. Metro. Life Ins. Co.* (N.D. Cal. Nov. 29, 2007) 2007 WL 4219167

(citing *Hewiss v. City of Stanton* (9th Cir. 1986) 798 F.2d 1230, 1232); *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1193.

13. Lastly, the presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14. In sum, this is an action between Plaintiff, a California citizen, on the one hand, and Defendant, a citizen of Maryland and Delaware, on the other hand. Thus, diversity jurisdiction exists.

## AMOUNT IN CONTROVERSY

15. This Action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. section 1332(a) authorizes the removal of cases in which there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

16. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

17. The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367, cert

denied, 459 U.S. 945 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought, including attorneys' fees. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). The Ninth Circuit has made clear that statutory attorneys' fees are included as a basis for determining the jurisdictional amount in controversy. *See Galt*, 142 F.3d at 1155-56. In determining whether the amount in controversy meets the jurisdictional minimum, attorneys' fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp. at 1035.

18. Punitive damages also are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994) (nothing that "the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" and the plaintiffs' prayer for punitive damages "might alone" exceed the jurisdictional minimum); *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (finding it facially apparent that plaintiffs' wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including loss of pay, fringe benefits, impaired earning capacity, emotional distress damages, combined with a claim for attorneys' fees).

19. Without conceding that Plaintiff can prevail on his claims or recover any damages (which Defendant expressly denies), the amount in controversy in this action could exceed $75,000.00. 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

20. Here, Plaintiff's allegations demonstrate that he seeks damages in excess of $75,000, the jurisdictional requirement of this Court. Without making a specific claim for

a numerical amount of damages in the Complaint, Plaintiff claims he is entitled to general, compensatory, special, statutory, and punitive damages, prejudgment interest, and attorney's fees.

      a. Plaintiff seeks to recover for alleged economic damages. (*See* Complaint ¶¶ 52, 56, 75, 113, 117, 144, and 149). Specifically, Plaintiff alleges that he "has suffered, and continues to suffer, significant economic loss and damages." *Id.* at ¶¶ 52, 56, 75, and 113. Moreover, Plaintiff alleges that he was "unemployed for a period of time according to proof and continues to suffer economic damages as a result of the wrongful termination. *Id.* at ¶¶ 117 and 144. Finally, Plaintiff alleges that his economic damages "include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future." *Id.* at ¶ 149. Accordingly, while he does not claim a specific numerical amount, Plaintiff alleges "significant" economic damages in his Complaint.

      b. Plaintiff also seeks to recover for alleged emotional distress under his seventh through fourteenth causes of action. (*See* Complaint ¶¶ 44, 86, 87, 92, 98, 102, 111, 117, 118, 121, 126, 142, 145, 149, 152, 153, 155, 172, and 174). While Plaintiff has not quantified the value of these damages, they are likely to be substantial. *Hurd v. Am. Income Life Ins*. 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000 in such damages. *Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Silo v. CHW Medical Foundation*, 86 Cal.App.4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in wrongful termination lawsuit); *see also Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous

conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").

      c.    Plaintiff further seeks to recover punitive and exemplary damages in more than half of his fourteen causes of action. (*See* Complaint, ¶¶ 76, 88-90, 99, 100, 112, 119, 122, 127, 136, 145, 150, 156, Prayer for Relief, ¶ 6). In determining the amount in controversy, district courts evaluate punitive damages in the same manner as emotional distress damages, that is, through comparable jury verdicts. *Meija v. Parker Hannifin Corp.*, 2018 U.S. Dist. LEXIS 13289, at * 10 (C.D. Cal. Jan. 26, 2018). California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

      d.    Plaintiff also seeks to recover statutory attorneys' fees. (*See* Complaint, ¶¶ 120, 121, 128, 142, 150, 157, Prayer for Relief, ¶ 12). While Plaintiff seeks an unspecified amount of attorneys' fees, such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Goldberg v. C.P.C. International, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal. 2002) 243 F. Supp 2d 1004,

1011; *Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

21. Assuming Plaintiff was to recover in full on his claims as alleged in the Complaint, his emotional distress damages, punitive damages, and attorneys' fees alone more likely than not would significantly exceed $75,000 in and of themselves.

22. Thus, without even taking attorneys' fees and costs or punitive damages—both of which Plaintiff seeks in his Complaint into account, Plaintiff's potential recovery under the facts as alleged in his Complaint exceeds the amount in controversy. (*See* Complaint, Prayer for Relief, ¶¶ 6, 12). It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994). Accordingly, the claims alleged and recovery requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. §1332(a).

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Riverside to this Court.

DATED: June 9, 2021                                JACKSON LEWIS P.C.

                                    By:   /s/Adam Y. Siegel
                                          Adam Y. Siegel
                                          Zoe Yuzna
                                          Arlen Gharibian

                                          Attorneys for Defendant
                                          AMENTUM SERVICES, INC. (erroneously sued herein as AECOM MANAGEMENT SERVICES, INC. and URS FEDERAL SERVICES, INC.)

4849-8444-0300, v. 1