Adam Y. Siegel (SBN 238568
Adam.Siegel@jacksonlewis.com
Zoe Yuzna (SBN 268496)
Zoe.Yuzna@jacksonlewis.com
Arlen Gharibian (SBN 327530)
Arlen.Gharibian@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430

Attorneys for Defendant
AMENTUM SERVICES, INC. (erroneously sued
herein as AECOM MANAGEMENT SERVICES, INC.
and URS FEDERAL SERVICES, INC.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA/EASTERN DIVISION

| | |
|---|---|
| JAIME FRANCO, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>AECOM, a California corporation;<br>AECOM MANAGEMENT SERVICES<br>GLOBAL CORP., a California corporation<br>doing business as AECOM<br>MANAGEMENT SERVICES GROUP;<br>AECOM MANAGEMENT SERVICES,<br>INC., a California corporation doing<br>business as AECOM MANAGEMENT<br>SERVICES GROUP; AECOM, a<br>California corporation doing business as<br>AECOM MANAGEMENT SERVICES<br>GROUP; AECOM INC., a California<br>corporation doing business as AECOM;<br>AECOM SERVICES, INC., a California<br>corporation doing business as AECOM;<br>AECOM USA, INC., a California<br>corporation doing business as AECOM;<br>AECOM, a California corporation doing<br>business as URS FEDERAL SERVICES;<br>AECOM TECHNOLOGY<br>CORPORATION, a California corporation<br>doing business as URS FEDERAL<br>SERVICES, INC.; URS FEDERAL<br>SERVICES, INC., a California<br>corporation; URS FEDERAL SERVICES<br>INTERNATIONAL. INC.. a California | CASE NO.:  5:21-cv-00979 JWH (SPx)<br><br>*[Assigned to District Judge John W. Holcomb]*<br><br><br>**ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT ON BEHALF OF DEFENDANT AMENTUM SERVICES, INC. (ERRONEOUSLY SUED HEREIN AS AECOM MANAGEMENT SERVICES, INC. AND URS FEDERAL SERVICES, INC.'S)**<br><br>Complaint Filed:    March 19, 2021 |

corporation doing business as URS; URS
CORPORATION, a California
corporation; URS GROUP, INC., a
California corporation doing business as
URS FEDERAL SERVICES; URS
HOLDINGS, INC., a California
corporation doing business as URS
FEDERAL SERVICES; and DOES 1
through 50, inclusive,

         Defendants.

_____

      Defendant AMENTUM SERVICES, INC. (erroneously sued herein as AECOM
MANAGEMENT SERVICES, INC. and URS FEDERAL SERVICES, INC.)
("Defendant") hereby answers Plaintiff JAIME FRANCO'S ("Plaintiff") Complaint for
Damages ("Complaint") as follows:

## IDENTIFICATION OF PARTIES

      1.    Defendant lacks knowledge and information sufficient to form a belief as to
the truth of the allegations set forth in paragraph 1 and on that basis denies the allegations
contained therein.

      2.    Defendant denies Plaintiff's allegation in paragraph 2 that AECOM "was
Plaintiff's employer at all times alleged [in the Complaint]."  With respect to the remaining
allegations set forth in paragraph 2, Defendant lacks knowledge and information sufficient
to form a belief as to the truth of the remaining allegations and on that basis denies the
allegations contained therein.

      3.    Defendant lacks knowledge and information sufficient to form a belief as to
the truth of the allegations set forth in paragraph 3 and on that basis denies the allegations
contained therein.

      4.    Defendant admits AECOM Management Services, Inc. did business at 6721
Sycamore Canyon Boulevard, Riverside, California 92507 but denies the remaining
allegations contained in paragraph 4.

///

5.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and on that basis denies the allegations contained therein.

6.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and on that basis denies the allegations contained therein.

7.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis denies the allegations contained therein.

8.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and on that basis denies the allegations contained therein.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and on that basis denies the allegations contained therein.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies the allegations contained therein.

11.     Defendant admits URS Federal Services, Inc. did business at 6721 Sycamore Canyon Boulevard, Riverside, California 92507 and 20501 Seneca Meadows Parkway, Suite 300, Germantown, Maryland 20876, but denies the remaining allegations contained in paragraph 11.

12.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and on that basis denies the allegations contained therein.

13.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies the allegations contained therein.

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

14.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies the allegations contained therein.

15.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis denies the allegations contained therein.

16.     The allegations in paragraph 16 constitute legal conclusions to which no response is required. To the extent the allegations are not conclusions of law, Defendant expressly denies each and every remaining allegation.

17.     Defendant denies Defendants (as defined in paragraph 17) were Plaintiff's employers with respect to the allegations set forth in the Complaint.  Defendant formerly operated as AECOM Management Services, Inc. and URS Federal Services, Inc. and was authorized to transact and did transact business in the State of California.  The remaining allegations in paragraph 17 contain legal conclusions to which no response is required. To the extent the allegations are not conclusions of law, Defendant expressly denies each and every remaining allegation.

18.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and on that basis denies the allegations contained therein.

19.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and on that basis denies the allegations contained therein.

20.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and on that basis denies the allegations contained therein.

## **GENERAL ALLEGATIONS**

21.     Defendant admits Plaintiff is over 40 years old but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth

in paragraph 21 and on that basis denies the remaining allegations contained therein.

22.    Answering paragraph 22, Defendant admits Defendant employed Plaintiff from February 18, 2014 to April 19, 2019.  Defendant denies the remaining allegations set forth in paragraph 22 as they relate to the claims set forth in the Complaint.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 as phrased and on that basis denies the allegations contained therein as they relate to the claims set forth in the Complaint.  The allegations in sentence three of paragraph 24 constitute legal conclusions to which no response is required. To the extent the allegations are not conclusions of law, Defendant expressly denies each and every remaining allegation.

25.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 as phrased and on that basis denies the allegations contained therein as they relate to the claims set forth in the Complaint.

26.    Answering paragraph 26, Defendant admits Plaintiff filed a DFEH charge on March 20, 2020.  The remaining allegations contained in paragraph 26 constitute legal conclusions to which no response is required.

## PROCEDURAL ALLEGATIONS

27.    Defendant admits Defendant regularly employs five or more persons and has regularly employed five or more persons at all times relevant to Plaintiff's claims.  The remaining allegations contained in paragraph 27 constitute legal conclusions to which no response is required.

28.    Answering paragraph 28, Defendant admits Plaintiff filed a DFEH charge on March 20, 2020.  The remaining allegations contained in paragraph 28 constitute legal conclusions to which no response is required.

## FACTUAL BACKGROUND

29.    Answering paragraph 29, Defendant admits Defendant employed Plaintiff from February 18, 2014 to April 19, 2019 at 6721 Sycamore Canyon Boulevard, Riverside,

DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT

California 92507.  Defendant denies the remaining allegations set forth in paragraph 29.

30.    Answering paragraph 30, Defendant admits Plaintiff performed tasks as set forth in the February 6, 2013 Warehouse Specialist position description, including driving forklifts and handling inventory related tasks.  Defendant denies the allegations in paragraph 30 to the extent they conflict with Plaintiff's job description.

31.    Answering paragraph 31, Defendant denies the allegations.

32.    Answering paragraph 32, Defendant denies the allegations.

33.    Answering paragraph 33, Defendant denies the allegations.

34.    Answering paragraph 34, Defendant denies the allegations.

35.    Answering paragraph 35, Defendant admits Plaintiff submitted written statement to Defendant but denies the statement detailed misconduct and harassment of Plaintiff.

36.    Answering paragraph 36, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019.  To the extent paragraph 36 asserts that Defendant was terminated for submitting a written statement, Defendant denies the allegations and all other remaining allegations.

37.    Answering paragraph 37, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019.  Defendant denies the remaining allegations contained in paragraph 37.

38.    Answering paragraph 38, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019.  Defendant denies the remaining allegations contained in paragraph 38.

39.    Answering paragraph 39, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019.  Defendant denies the remaining allegations contained in paragraph 39.

40.    Answering paragraph 40, Defendant denies the allegations.

41.    Answering paragraph 41, Defendant denies the allegations.

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

42.     Answering paragraph 42, Defendant denies the allegations. Further, the allegations in paragraph 42 constitute legal conclusions to which no response is required.

43.     Answering paragraph 43, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019.  Defendant denies the remaining allegations contained in paragraph 43.   Further, the remaining allegations in paragraph 43 constitute legal conclusions to which no response is required.

44.     Answering paragraph 44, Defendant admits Plaintiff filed a DFEH charge on March 20, 2020.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44 and on that basis denies the allegations contained therein.  Further, the remaining allegations in paragraph 44 constitute legal conclusions to which no response is required.

45.     The allegations in paragraph 45 constitute legal conclusions to which no response is required.

## FIRST CAUSE OF ACTION

46.     Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

47.     Answering paragraph 47, Defendant denies the allegations. Further, the allegations in paragraph 47 constitute legal conclusions to which no response is required.

48.     Answering paragraph 48, Defendant denies the allegations. Further, the allegations in paragraph 48 constitute legal conclusions to which no response is required.

49.     Answering paragraph 49, Defendant denies the allegations. Further, the allegations in paragraph 49 constitute legal conclusions to which no response is required.

50.     Answering paragraph 50, Defendant denies the allegations. Further, the allegations in paragraph 50 constitute legal conclusions to which no response is required.

51.     Answering paragraph 51, Defendant denies the allegations. Further, the allegations in paragraph 51 constitute legal conclusions to which no response is required.

52.     Answering paragraph 52, Defendant denies the allegations. Further, the allegations in paragraph 52 constitute legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION

53.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

54.    Answering paragraph 54, Defendant denies the allegations. Further, the allegations in paragraph 54 constitute legal conclusions to which no response is required.

55.    Answering paragraph 55, Defendant denies the allegations.

56.    Answering paragraph 56, Defendant denies the allegations. Further, the allegations in paragraph 56 constitute legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION

57.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

58.    The allegations in paragraph 58 constitute legal conclusions to which no response is required.

59.    The allegations in paragraph 59 constitute legal conclusions to which no response is required.

60.    Answering paragraph 60, the remaining allegations in paragraph 60 constitute legal conclusions to which no response is required.

61.    Answering paragraph 61, Defendant denies the allegations. Further, the allegations in paragraph 61 constitute legal conclusions to which no response is required.

62.    Answering paragraph 62, Defendant denies the allegations. Further, the allegations in paragraph 62 constitute legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION

63.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

64.    Answering paragraph 64, Defendant denies the allegations. Further, the allegations in paragraph 64 constitute legal conclusions to which no response is required.

65.    Answering paragraph 65, Defendant denies the allegations.

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

66.    The allegations in paragraph 66 constitute legal conclusions to which no response is required.

67.    Answering paragraph 67, Defendant denies the allegations. Further, the allegations in paragraph 67 constitute legal conclusions to which no response is required.

68.    Answering paragraph 68, Defendant denies the allegations. Further, the allegations in paragraph 68 constitute legal conclusions to which no response is required.

## FIFTH CAUSE OF ACTION

69.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

70.    The allegations in paragraph 70 constitute legal conclusions to which no response is required.

71.    Answering paragraph 71, Defendant denies the allegations. Further, the allegations in paragraph 71 constitute legal conclusions to which no response is required.

72.    The allegations in paragraph 72 constitute legal conclusions to which no response is required.

73.    Answering paragraph 73, Defendant denies the allegations. Further, the allegations in paragraph 73 constitute legal conclusions to which no response is required.

74.    Answering paragraph 74, Defendant denies the allegations. Further, the allegations in paragraph 74 constitute legal conclusions to which no response is required.

75.    Answering paragraph 75, Defendant denies the allegations. Further, the allegations in paragraph 75 constitute legal conclusions to which no response is required.

76.    Answering paragraph 76, Defendant denies the allegations. Further, the allegations in paragraph 76 constitute legal conclusions to which no response is required.

## SIXTH CAUSE OF ACTION

77.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

78.    The allegations in paragraph 78 constitute legal conclusions to which no response is required.

DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT

79.    Answering paragraph 79, Defendant denies the allegations. Further, the allegations in paragraph 79 constitute legal conclusions to which no response is required.

80.    Answering paragraph 80, Defendant denies the allegations. Further, the allegations in paragraph 80 constitute legal conclusions to which no response is required.

81.    Answering paragraph 81, Defendant denies the allegations. Further, the allegations in paragraph 81 constitute legal conclusions to which no response is required.

## SEVENTH CAUSE OF ACTION

82.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

83.    The allegations in paragraph 83 constitute legal conclusions to which no response is required.

84.    The allegations in paragraph 84 constitute legal conclusions to which no response is required.

85.    Answering paragraph 85, Defendant denies the allegations. Further, the allegations in paragraph 85 constitute legal conclusions to which no response is required.

86.    Answering paragraph 86, Defendant denies the allegations. Further, the allegations in paragraph 86 constitute legal conclusions to which no response is required.

87.    Answering paragraph 87, Defendant denies the allegations. Further, the allegations in paragraph 87 constitute legal conclusions to which no response is required.

88.    Answering paragraph 88, Defendant denies the allegations. Further, the allegations in paragraph 88 constitute legal conclusions to which no response is required.

89.    Answering paragraph 89, Defendant denies the allegations. Further, the allegations in paragraph 89 constitute legal conclusions to which no response is required.

90.    Answering paragraph 90, Defendant denies the allegations. Further, the allegations in paragraph 90 constitute legal conclusions to which no response is required.

91.    Answering paragraph 91, Defendant denies the allegations. Further, the allegations in paragraph 91 constitute legal conclusions to which no response is required.

///

DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT

92.    Answering paragraph 92, Defendant denies the allegations. Further, the allegations in paragraph 92 constitute legal conclusions to which no response is required.

93.    Answering paragraph 93, Defendant denies the allegations. Further, the allegations in paragraph 93 constitute legal conclusions to which no response is required.

## EIGHTH CAUSE OF ACTION

94.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

95.    The allegations in paragraph 95 constitute legal conclusions to which no response is required.

96.    Answering paragraph 96, Defendant denies the allegations. Further, the allegations in paragraph 96 constitute legal conclusions to which no response is required.

97.    Answering paragraph 97, Defendant denies the allegations. Further, the allegations in paragraph 97 constitute legal conclusions to which no response is required.

98.    Answering paragraph 98, Defendant denies the allegations. Further, the allegations in paragraph 98 constitute legal conclusions to which no response is required.

99.    Answering paragraph 99, Defendant denies the allegations. Further, the allegations in paragraph 99 constitute legal conclusions to which no response is required.

100.    Answering paragraph 100, Defendant denies the allegations. Further, the allegations in paragraph 100 constitute legal conclusions to which no response is required.

101.    Answering paragraph 101, Defendant denies the allegations. Further, the allegations in paragraph 101 constitute legal conclusions to which no response is required.

102.    Answering paragraph 102, Defendant denies the allegations. Further, the allegations in paragraph 102 constitute legal conclusions to which no response is required.

103.    Answering paragraph 103, the allegations in paragraph 103 constitute legal conclusions to which no response is required.

## NINTH CAUSE OF ACTION

104.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

105.    Answering paragraph 105, Defendant admits Plaintiff was an employee of Defendant at all times relevant to this action.  Defendant denies Plaintiffs was an employee of the other named defendants at all times relevant to this action.

106.    Answering paragraph 106, Defendant denies the allegations. Further, the allegations in paragraph 106 constitute legal conclusions to which no response is required.

107.    Answering paragraph 107, Defendant denies the allegations. Further, the allegations in paragraph 107 constitute legal conclusions to which no response is required.

108.    Answering paragraph 108, Defendant admits Plaintiff is over the age of forty (40).

109.    Answering paragraph 109, Defendant denies the allegations.

110.    Answering paragraph 110, Defendant denies the allegations. Further, the allegations in paragraph 110 constitute legal conclusions to which no response is required.

111.    Answering paragraph 111, Defendant denies the allegations. Further, the allegations in paragraph 111 constitute legal conclusions to which no response is required.

112.    Answering paragraph 112, Defendant denies the allegations. Further, the allegations in paragraph 112 constitute legal conclusions to which no response is required.

113.    Answering paragraph 113, Defendant denies the allegations. Further, the allegations in paragraph 113 constitute legal conclusions to which no response is required.

## TENTH CAUSE OF ACTION

114.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

115.    Answering paragraph 115, Defendant denies the allegations. Further, the allegations in paragraph 115 constitute legal conclusions to which no response is required.

116.    Answering paragraph 116, Defendant denies the allegations. Further, the allegations in paragraph 116 constitute legal conclusions to which no response is required.

///

///

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

117.   Answering paragraph 117, Defendant admits Plaintiff was an employee of Defendant and Defendant terminated Plaintiff's employment effective April 19, 2019. Defendant denies the remaining allegations. Further, the allegations in paragraph 117 constitute legal conclusions to which no response is required.

118.   Answering paragraph 118, Defendant denies the allegations. Further, the allegations in paragraph 118 constitute legal conclusions to which no response is required.

119.   Answering paragraph 119, Defendant denies the allegations. Further, the allegations in paragraph 119 constitute legal conclusions to which no response is required.

120.   Answering paragraph 120, Defendant denies the allegations. Further, the allegations in paragraph 120 constitute legal conclusions to which no response is required.

121.   Answering paragraph 121, Defendant denies the allegations. Further, the allegations in paragraph 121 constitute legal conclusions to which no response is required.

122.   Answering paragraph 122, Defendant denies the allegations. Further, the allegations in paragraph 122 constitute legal conclusions to which no response is required.

## ELEVENTH CAUSE OF ACTION

123.   Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

124.   The allegations in paragraph 124 constitute legal conclusions to which no response is required.

125.   Answering paragraph 125, Defendant admits Plaintiff was an employee of Defendant and Defendant terminated Plaintiff's employment effective April 19, 2019. Defendant denies the remaining allegations. Further, the allegations in paragraph 125 constitute legal conclusions to which no response is required.

126.   Answering paragraph 126, Defendant denies the allegations. Further, the allegations in paragraph 126 constitute legal conclusions to which no response is required.

127.   Answering paragraph 127, Defendant denies the allegations. Further, the allegations in paragraph 127 constitute legal conclusions to which no response is required.

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

128.    Answering paragraph 128, Defendant denies the allegations. Further, the allegations in paragraph 128 constitute legal conclusions to which no response is required.

### TWELFTH CAUSE OF ACTION

129.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

130.    The allegations in paragraph 130 constitute legal conclusions to which no response is required.

131.    Answering paragraph 131, Defendant denies the allegations. Further, the allegations in paragraph 131 constitute legal conclusions to which no response is required.

132.    The allegations in paragraph 132 constitute legal conclusions to which no response is required.

133.    The allegations in paragraph 133 constitute legal conclusions to which no response is required.

134.    Answering paragraph 134, Defendant denies the allegations. Further, the allegations in paragraph 134 constitute legal conclusions to which no response is required.

135.    The allegations in paragraph 135 constitute legal conclusions to which no response is required.

136.    Answering paragraph 136, Defendant denies the allegations. Further, the allegations in paragraph 136 constitute legal conclusions to which no response is required.

137.    The allegations in paragraph 137 constitute legal conclusions to which no response is required.

138.    Answering paragraph 138, Defendant admits Plaintiff was an employee of Defendant and denies Plaintiff was employee of the other entities named as defendants as related to Plaintiff's claims set forth in the Complaint.

139.    Answering paragraph 139, Defendant admits Plaintiff was an employee of Defendant and Defendant terminated Plaintiff's employment effective April 19, 2019. Defendant denies the remaining allegations. Further, the allegations in paragraph 117 constitute legal conclusions to which no response is required.

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

140.    Answering paragraph 140, Defendant denies the allegations. Further, the allegations in paragraph 140 constitute legal conclusions to which no response is required.

141.    Answering paragraph 141, Defendant denies the allegations. Further, the allegations in paragraph 141 constitute legal conclusions to which no response is required.

142.    Answering paragraph 142, Defendant denies the allegations. Further, the allegations in paragraph 142 constitute legal conclusions to which no response is required.

143.    Answering paragraph 143, Defendant denies the allegations.

144.    Answering paragraph 144, Defendant admits Plaintiff's employment was terminated on April 19, 2019. Defendant denies the remaining allegations in paragraph 144. Further, the allegations in paragraph 144 constitute legal conclusions to which no response is required.

145.    Answering paragraph 145, Defendant denies the allegations. Further, the allegations in paragraph 145 constitute legal conclusions to which no response is required.

146.    Answering paragraph 146, Defendant denies the allegations. Further, the allegations in paragraph 146 constitute legal conclusions to which no response is required.

147.    Answering paragraph 147, Defendant admits Plaintiff's employment was terminated on April 19, 2019.  Defendant denies the remaining allegations in paragraph 147 constitute legal conclusions to which no response is required.

148.    Answering paragraph 148, Defendant admits Plaintiff's employment was terminated on April 19, 2019.  Defendant denies the remaining allegations in paragraph 148 constitute legal conclusions to which no response is required.

149.    Answering paragraph 149, Defendant denies the allegations. Further, the allegations in paragraph 149 constitute legal conclusions to which no response is required.

150.    Answering paragraph 150, Defendant denies the allegations. Further, the allegations in paragraph 150 constitute legal conclusions to which no response is required.

## **THIRTEENTH CAUSE OF ACTION**

151.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT

152.    Answering paragraph 152, Defendant denies the allegations. Further, the allegations in paragraph 152 constitute legal conclusions to which no response is required.

153.    Answering paragraph 153, Defendant denies the allegations. Further, the allegations in paragraph 153 constitute legal conclusions to which no response is required.

154.    Answering paragraph 154, Defendant denies the allegations. Further, the allegations in paragraph 154 constitute legal conclusions to which no response is required.

155.    Answering paragraph 155, Defendant denies the allegations. Further, the allegations in paragraph 155 constitute legal conclusions to which no response is required.

156.    Answering paragraph 156, Defendant denies the allegations. Further, the allegations in paragraph 156 constitute legal conclusions to which no response is required.

157.    Answering paragraph 157, Defendant denies the allegations. Further, the allegations in paragraph 157 constitute legal conclusions to which no response is required.

## FOURTEENTH CAUSE OF ACTION

158.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

159.    Answering paragraph 159, Defendant admits Defendant employed Plaintiff but denies any employment relationship between Plaintiff and the other defendants named in the Complaint.

160.    Answering paragraph 160, Defendant denies the allegations.

161.    Answering paragraph 161, Defendant denies the allegations.

162.    Answering paragraph 162, Defendant denies the allegations. Further, the allegations in paragraph 162 constitute legal conclusions to which no response is required.

163.    Answering paragraph 163, Defendant denies the allegations.

164.    Answering paragraph 164, Defendant admits Plaintiff submitted written statement to Defendant but denies the statement detailed misconduct and harassment of Plaintiff.  Further, the allegations in paragraph 164 constitute legal conclusions to which no response is required.

///

165.   Answering paragraph 165, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019 but denies the remaining allegations contained in paragraph 165.

166.   Answering paragraph 166, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019 but denies the remaining allegations contained in paragraph 166. Further, the allegations in paragraph 166 constitute legal conclusions to which no response is required.

167.   Answering paragraph 167, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019 but denies the remaining allegations contained in paragraph 167. Further, the allegations in paragraph 167 constitute legal conclusions to which no response is required.

168.   Answering paragraph 168, Defendant admits Defendant terminated Plaintiff's employment on April 19, 2019 but denies the remaining allegations contained in paragraph 168. Further, the allegations in paragraph 168 constitute legal conclusions to which no response is required.

169.   Answering paragraph 169, Defendant denies the allegations contained in paragraph 169. Further, the allegations in paragraph 169 constitute legal conclusions to which no response is required.

170.   Answering paragraph 170, Defendant denies the allegations. Further, the allegations in paragraph 170 constitute legal conclusions to which no response is required.

171.   Answering paragraph 171, Defendant denies the allegations. Further, the allegations in paragraph 171 constitute legal conclusions to which no response is required.

172.   Answering paragraph 172, Defendant denies the allegations. Further, the allegations in paragraph 172 constitute legal conclusions to which no response is required.

173.   Answering paragraph 173, Defendant denies the allegations. Further, the allegations in paragraph 173 constitute legal conclusions to which no response is required.

174.   Answering paragraph 174, Defendant denies the allegations. Further, the allegations in paragraph 174 constitute legal conclusions to which no response is required.

175.    Answering paragraph 175, Defendant denies the allegations. Further, the allegations in paragraph 175 constitute legal conclusions to which no response is required.

176.    Answering paragraph 176, Defendant denies the allegations. Further, the allegations in paragraph 176 constitute legal conclusions to which no response is required.

## **PRAYER FOR RELIEF**

Answering the prayer for relief, Defendant denies any and all allegations not unequivocally admitted herein and further denies Plaintiff is entitled to any relief demanded in the Complaint and denies any relief whatsoever is warranted.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Cause of Action)**

1.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Statutes of Limitations)**

2.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 338(a), 340(a), 340(b) and 343 and California Business and Professions Code section 17208, to the extent the conduct complained of occurred outside the time frames set forth in those statutes.

///
///
///
///
///

18

### THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

3.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, et seq.

### FOURTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

4.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### FIFTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

5.      Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because Plaintiff's terms of employment were for an unspecified duration and therefore terminable at will, with or without cause, pursuant to Labor Code section 2922.

### SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory, or retaliatory behavior.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith & Justified Conduct)

7.      Any recovery on Plaintiff's Complaint is barred because all decisions and acts by Defendant that pertained to Plaintiff's employment were justified under California law and for valid business reasons.  Moreover, Plaintiff's claim for waiting time penalties under California Labor Code section 203 is barred because Defendant's alleged conduct was not willful and because there is a good faith dispute that any wages are due to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

8.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## NINTH AFFIRMATIVE DEFENSE

### (All Compensation Properly Paid)

9.     Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff has received all compensation and pay to which he has ever been entitled and is therefore not entitled to any other compensation or penalties under the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, and/or any other law.

## TENTH AFFIRMATIVE DEFENSE

### (No Liability for Plaintiff's Failure to Work or Record All Time Worked)

10.     Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay wages, and/or failure to pay overtime wages or premium pay, is barred to the extent Plaintiff failed to work and/or to record all time worked as reasonably expected and required by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Denial of Meal and Rest Periods)

11.     Plaintiff's Complaint is barred, in whole or in part, because Plaintiff was informed of his right to take all meal and rest breaks to which he was entitled, was encouraged to take all meal and rest breaks to which he was entitled, was permitted to take all meal and/or rest breaks to which he was entitled, and has never been denied the right or opportunity to take such meal or rest breaks.

///

## TWELFTH AFFIRMATIVE DEFENSE
### (Voluntary Waiver of Meal and Rest Periods)

12.    Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff voluntarily chose not to take provided meal or rest periods as reasonably expected by Defendant and/or voluntarily waived the same.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge)

13.    Plaintiff's Complaint is barred, in whole or in part, because Defendant did not have knowledge of any Plaintiff allegedly being denied compensation for all hours worked or the opportunity to take a meal or rest break to which he was entitled.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Reasonable Directions)

14.    Any recovery on Plaintiff's Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Responsibilities)

15.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Failure to Prevent)

16.    Plaintiff's allegations of discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court of Sacramento County*, 31 Cal. 4th 1026 (2000).

DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Defendant's Anti-Retaliation Provision)

17.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant maintained provisions and/or policies prohibiting unlawful conduct and promoting a work environment free from retaliation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Fundamental Public Policy)

18.    Any recovery on Plaintiff's cause of action for wrongful termination in violation of public policy is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Liability with Respect to California Labor Code Section 226)

19.    Plaintiff's claims under California Labor Code section 226 are barred, in whole or in part, because, assuming arguendo Section 226 applied to Plaintiff, Plaintiff did not suffer injury as a result of a knowing and intentional failure by Defendant to comply with Section 226.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

20.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Government Code section 12960 and 12965.

///

///

///

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, laches, waiver, estoppel and unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Contributory Fault)

22.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fines Unconstitutional)

23.    Plaintiff's claims are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent California Labor Code sections 201-206, 218, 218.5, 218.6, 226, 510, 512, 1174.5, 1197, and Wage Order Nos. 4-2001 and 5-2001 of the California Industrial Welfare Commission, California Business and Professions Code section 17200 et seq., and other applicable statutes operate to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or oppressive.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24.    Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

///

///

///

///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

25.   Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred, in whole or in part, to the extent Plaintiff could have corrected any errors in his compensation by reporting them so Defendant could correct them promptly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

26.   Defendant cannot be held vicariously liable for the conduct alleged in the Complaint because the individual(s) who allegedly engaged in the asserted conduct against Plaintiff were acting outside the scope of their employment and/or authority.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

27.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

28.   Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

///

///

///

///

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

29.    Defendant has engaged attorneys to represent its defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

30.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory reasons.

## RESERVATION OF RIGHT TO AMEND

Defendant alleges the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Accordingly, Defendant may need to rely on any and all further defenses that become available or appear during discovery in this matter, and specifically reserve the right to amend this Answer for purposes of asserting such additional affirmative defenses.

///
///
///
///
///
///
///
///
///

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiff take nothing herein;

3    2.    For reasonable attorney's fees;

4    3.    For costs of suit herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7

8    Date:   July 16, 2021                    JACKSON LEWIS P.C.

9

10                                   By:    /s/ Zoe Yuzna

11                                          Adam Y. Siegel
                                            Zoe Yuzna
12                                          Arlen Gharibian

13

14                                          Attorneys for Defendant
                                            AMENTUM SERVICES, INC.
15                                          (erroneously sued herein as AECOM
                                            MANAGEMENT SERVICES, INC. and
16                                          URS FEDERAL SERVICES, INC.)

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

**CASE NAME:**    **JAIME FRANCO v. AECOM, et al.**

**CASE NUMBER: 5:21-cv-00979 JWH (SPx)**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

     On July 16, 202, I served the foregoing document described as:

**ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT ON BEHALF OF DEFENDANT AMENTUM SERVICES, INC. (ERRONEOUSLY SUED HEREIN AS AECOM MANAGEMENT SERVICES, INC. AND URS FEDERAL SERVICES, INC.'S)**

in this action by placing ☐ the original ☒ true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Ronald Yoosefian<br>Susana Oganesian<br>Frank Gerald Chica<br>YOOSEFIAN LAW FIRM, P.C.<br>135 South Jackson Street, Suite 203<br>Glendale, CA  91205<br>Telephone:  (818) 275-1529<br>Facsimile:  (818) 275-1747<br>Email:  ron@ylflaw.net<br>     susana@ylflaw.net<br>     frank@ylflaw.net | Attorneys for Plaintiff<br>JAIME FRANCO |

**[X]**   **BY MAIL**

     **[ ]** I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

     **[X]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**   **BY E-MAIL OR ELECTRONIC TRANSMISSION**

     Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**

mail address betty.arnold@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**    **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2021 at Los Angeles, California.

/s/ Betty Arnold
BETTY ARNOLD

4834-9492-2225, v. 1

**DEFENDANT AMENTUM SERVICES, INC.'S ANSWER TO PLAINTIFF JAIME FRANCO'S COMPLAINT**